IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIE L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 24-1205-CFC |
| | ) | |
| CITIZEN BANK, | ) | |
| | ) | |
| Defendant. | ) | |

Marie L. Smith, Middletown, Delaware – *Pro se* Plaintiff

Anna Lucia Fiscella, WILKS LAW LLC, Wilmington, Delaware – Counsel for
Defendant Citizen Bank

## **MEMORANDUM OPINION**

September 18, 2025
Wilmington, Delaware

*Col. J. C*

**CONNOLLY, Chief Judge:**

On October 30, 2024, Plaintiff Marie L. Smith, of Middletown, Delaware, initiated this civil action by filing a complaint *pro se*. (D.I. 1.) Now pending before the Court is a motion to dismiss the complaint filed by Defendant Citizen Bank. (D.I. 10.) Also pending is a letter-motion to stay proceedings filed by Plaintiff. (D.I. 14.) The Court will grant Defendant's motion to dismiss and abstain from hearing Plaintiff's case, pursuant to the *Younger* doctrine, as explained below. Plaintiff's letter-motion to stay proceedings will be denied as moot, and this case will be closed.

## I.    BACKGROUND

According to the allegations in the Complaint, which the Court must accept as true for the purposes of deciding Defendant's motion, on or about December 23, 2020, Defendant claimed to provide Plaintiff with a loan, which Plaintiff never received. (D.I. 1 at 2.) Defendant then claimed that Plaintiff was in arrears on a mortgage associated with the loan that Plaintiff never received. (*Id.*) Plaintiff alleges that Defendant has presented forged and fraudulent documents, including a forged mortgage agreement, to support its claims above. (*Id.* at 3.) And according to Plaintiff, Defendant has failed to produce certain documents requested by Plaintiff, included "IRS Forms 1098 and 1065, and the Money Net Daily

1

Transaction Report Log 120, which would show the source and destination of the funds allegedly used to fund the loan." (*Id.*)

Plaintiff says that the foregoing alleged circumstances have caused her "significant harm, including the potential loss of her property through foreclosure, damage to her credit, and emotional distress." (*Id.*) And based on the foregoing, the Complaint alleges that Defendant has committed fraud. (*Id.* at 3-4.) By way of this action, Plaintiff seeks monetary damages, "declaratory judgment that no valid loan was provided by Defendant and that the mortgage is not in arrears," and "preliminary and permanent injunction[s] preventing Defendant from proceeding with any foreclosure action or other adverse action related to the alleged mortgage," among other forms of relief. (*Id.* at 4-5.)

## II.    LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to

2

the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

3

## III.  DISCUSSION

According to the Complaint, the claims alleged here involve, and the relief sought would affect, pending Delaware foreclosure proceedings.   (*See* D.I. 1.) There is, however, "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), which is demonstrated in what is known as the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971).   The *Younger* abstention doctrine applies when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."   *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

The Court will abstain from hearing Plaintiff's foreclosure-related claims pursuant to the *Younger* doctrine.   The facts alleged here appear to fall squarely in *Younger*'s purview.   *See Schall*, 885 F.2d at 106.   The alleged concerns regarding Defendant's loan and Plaintiff's mortgage agreement both can, and should, be taken up with the Delaware courts.   *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431.

## IV.  CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss the complaint (D.I. 10).   The Complaint will be dismissed, and the case

will be closed, because amendment is futile.   (D.I. 1.)   Plaintiff's request to stay

proceedings (D.I. 14) will be denied as moot.   (D.I. 14.)

An appropriate Order will be entered.

5